IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JAMES E. HOUCK,

 Plaintiff,

v.   Civil Action No. GJH-16-1323

WEXFORD HEALTH SOURCES,
INC., *et al.*,

 Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

James Houck, an inmate at the Western Correctional Institution ("WCI"), files this action against Defendants Harry B. Murphy, Ph.D., Melanie Gordon, Jonathan Hess, Ronald Shane Weber (collectively, the "Mental Health Defendants"), Wexford Health Sources, Inc. ("Wexford"), and Vincent A. Siracusano, M.D. Houck has filed suit pursuant to 42 U.S.C. § 1983, for alleged violations of his Eight Amendment rights. All Defendants have filed dispositive motions. For the following reasons, these motions will be granted with the exception of Defendant Siracusano.

### I. BACKGROUND

#### A. Procedural History

Houck is an inmate who is incarcerated at WCI in Cumberland, Maryland. On May 2, 2016, he filed a Complaint *pro se* pursuant to 42 U.S.C. § 1983, ECF No. 1, which he amended on September 14, 2016, at the direction of the Court. ECF No. 3. The Mental Health Defendants, by their counsel, filed a Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment, ECF No. 23, and Houck filed a Cross-Motion for Summary Judgment, ECF No. 25,[1] and a Motion for a Preliminary Hearing, ECF No. 26. Defendant Wexford filed a Motion to Dismiss, ECF No. 29. Houck then filed a Motion for Summary Judgment, ECF No. 33, and a Motion to Amend the Complaint, ECF No. 34. Vincent A. Siracusano, M.D., also filed a Motion to Dismiss for Failure to State a Claim, ECF No. 35. In response, Houck filed a paper titled "Motion for Summary Judgment and Reply," ECF No. 37, which he later supplemented, ECF No. 38; ECF No. 40, and a Response to the Motion to Dismiss for Failure to State a Claim, ECF No. 39.

**B. Factual Background**

The gravamen of Houck's Complaint is that medical providers prescribed Risperdal[2] to treat his bi-polar disorder and schizophrenia, and the medication caused him to develop gynecomastia or enlargement of male breasts, stomach discomfort, and blurred vision. ECF No. 1 at 1; ECF No. 3. Houck also alleges he suffers from high blood pressure which should be, but is not, checked daily. ECF No. 1 at 1–2; ECF 3 at 4. Houck claims that he informed Dr. Robustiano Barrera of Risperdal's negative side effects and asked Dr. Barrera to stop prescribing it to him. ECF No. 1 at 2.[3]

Houck asserts that he has been taking Risperdal "for a long time." ECF No. 3 at 7. He claims that he filed sick call requests to the WCI Mental Health Service on August 29, 2016, September 14, 2016, June 20, 2016, May 4, 2016, February 26, 2016, May 5, 2016, December 1, 2015, and December 2, 2015, asking to be taken off Risperdal. ECF No. 3 at 4. He claims that on August 30, 2016, he told "Ms. Karen" about the side effects and asked to stop the Risperdal. He

---

[1] Mindful of Houck's *pro se* status, the Court liberally construes Houck's filings.
[2] Risperdal is a brand name for the drug risperidone. *Risperidone (Oral Route)*, MAYO CLINIC, http://www.mayoclinic.org/drugs-supplements/risperidone-oral-route/description/drg-20067189 (last visited June 02, 2017). Other brand names may also be used for the drug. *Id.*
[3] Houck does not allege he was forcibly administered the drug.

2

also asserts that he filed an Administrative Remedy Procedure Request. *Id.* at 5. As relief, Houck seeks damages of $10 million or other payment. *Id.* at 3. On August 23, 2016, the Court granted Houck twenty-eight days to file an Amended Complaint to provide the names of the individuals he believed were responsible for the alleged wrongdoing. ECF No. 2 at 1. On September 14, 2016, Houck filed an Amended Complaint which named as Defendants "Wexford Health Services Inc. and by the Maker of Medication Risperdal, Inc. by Health Care Staff at WCI and by Mental Health Service Staff at WCI by Medical Department of Psychology Services at WCI." ECF No. 3 at 1.

Mindful that Houck is self-represented and has made repeated efforts to raise allegations about suffering negative side effects from using Risperdal,[4] and that in another case, *Houck v. Wexford Health Sources, Inc.*, Civil Action No. GJH-15-3639 (D. Md. 2016), Wexford filed Dr. Barrera's affidavit in which Dr. Barrera states that Wexford does not provide mental health services to Maryland inmates and that Wexford employees are not authorized to alter Houck's mental health medication regimen,[5] the Court directed counsel for the DPSCS to submit the name of the director of mental health services as well as the names of Houck's treating psychiatrist and psychologist at WCI. ECF No. 7 at 1–2. Counsel responded on October 7, 2016, and based on that response, Ronald S. Weber, who was director of mental health services at WCI until September 16, 2016, Melanie Gordon, the current director of WCI mental health services, psychiatrist Vincent Siracusano, MD, psychologist Jonathan Hess, MA, and supervising

---

[4] *See e.g.* Civil Actions Nos. GJH-15-1883 (D. Md. 2015), GJH-15-1912 (D. Md. 2015), GJH-15-2051(D. Md. 2015), GJH-15-3639 (D. Md. 2016).

[5] *See* Civil Action No. GJH-15-3639 (D. Md. 2016), ECF No. 31-5. On November 7, 2016, the Court granted Defendants Wexford Health Sources, Inc. and Dr. Barrera's Motion for Summary Judgment and granted Houck twenty-eight days to provide additional information to obtain service on the individuals who prescribed the medication Risperdal. ECF No. 56. Houck failed to respond and, on December 12, 2016, the case was dismissed without prejudice. ECF No. 57.

3

psychologist Dr. Harry Murphy were added as Defendants at the direction of the Court. *See* ECF Nos. 9, 11 at 1, 11-1 at 2.

Houck has filed two Motions to Amend the Complaint. ECF No. 34; ECF No. 41. In his Motion to Amend the Complaint, filed on March 22, 2017, Houck asks to add Janssen Pharmaceuticals of New Jersey ("Janssen"), a private corporation and the manufacturer of Risperdal, as a Defendant in this proceeding, but does not identify a legal basis for his request. ECF No. 34. To state a viable claim for relief under § 1983, Houck must allege that Janssen deprived him of his constitutional rights while acting under color of state law. *See Am. Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct may "be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Here, Houck has not alleged facts to support a claim that Janssen was acting under color of law. Consequently, the Motion to Amend the Complaint, ECF No. 34, will be denied as futile.

Houck's second Motion for Leave to Amend the Complaint asks to add Dr. Siracusano as a Defendant in this case. ECF No. 41 at 1. As Dr. Siracusano is already a defendant, the Motion, ECF No. 41, will be denied as moot. Houck also filed two virtually identical Motions for a Preliminary Hearing. ECF No. 26; ECF No. 43. The Motions pertain to state preliminary hearings for criminal defendants and provide no factual or legal basis for conducting a preliminary hearing in this case. Consequently, the Court will deny both Motions. *Id.*

## II. STANDARD OF REVIEW

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or does not state "a

plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, "the complaint must allege sufficient facts to establish" each element. *See Goss v. Bank of Am., N.A.*, 917 F. Supp. 2d 445, 449 (D. Md. 2013) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)), *aff'd sub nom.*, *Goss v. Bank of Am., NA*, 546 F. App'x 165 (4th Cir. 2013). The pleadings of self-represented litigants are "liberally construed" and held to a less stringent standard than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In considering a Rule 12(b)(6) motion, the Court must construe the Complaint in the light most favorable to the Plaintiff and take the facts asserted as true. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

"When 'matters outside the pleading are presented to and not excluded by the court, the [12(b)(6)] motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.'" *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998) (quoting Fed. R. Civ. P. 12(b)). Under Rule 56(a), the Court must grant summary judgment if the moving party demonstrates there is no genuine issue as to any material fact and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original). A "material fact" is one that might affect the outcome of a party's case. *Id.* at 248; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citing *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001)).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in [his] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

If the parties have filed cross-motions for summary judgment, the Court "must consider each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Bacon v. City of Richmond*, 475 F.3d 633, 637–38 (4th Cir. 2007) (internal quotation marks omitted). "'Both motions must be denied if the court finds that there is a genuine dispute of material fact. But if there is no genuine dispute and one or the other party is

entitled to prevail as a matter of law, the court will render judgment.'" *Hicks v. Stanford*, No. ELH-14-928, 2016 WL 7426139, at *5 (D. Md. Dec. 23, 2016) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2720 (4th ed.)).

### III. DISCUSSION

#### A. Mental Health Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment

In order to demonstrate constitutionally inadequate medical care in violation of the Eighth Amendment, a prisoner must prove two elements: "(1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective element "is satisfied by a serious medical condition," and the subjective element "is satisfied by showing deliberate indifference . . ." *Id.* "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, prison staff was aware of the need for medical attention but failed either to provide it or ensure the needed care was available. *See Farmer*, 511 U.S. at 837.

The treatment provided "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). A defendant must know of and disregard an excessive risk to inmate health or safety. "[T]he [Defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also

7

draw the inference." *Farmer*, 511 U.S. at 837. The Mental Health Defendants state in declarations that they did not prescribe Risperdal for Houck. ECF Nos. 23-2, 23-3, 23-4, and 23-5. Defendant R. Shane Weber, former WCI Supervisor of Psychological Services, attests that he does not prescribe medication because he is not licensed to do so. ECF No. 23-2. Weber states that Dr. Siracusano prescribed Risperdal for Houck. *Id.*

Melanie Gordon, who is employed by the DPSCS as a Mental Health Professional Counselor and is Acting Mental Health Professional Counselor-Supervisor, attests that she is not licensed to prescribe psychotropic medications and that psychotropic medications are prescribed by a licensed psychiatrist. Gordon states that Dr. Siracusano prescribed Houck's Risperdal, and that all psychotropic medications are monitored through the psychiatrist and MHM Services, Inc.[6] ECF No. 23-3. Harry Murphy, Regional Assistant Director of Mental Health Services, attests that he does not prescribe medications, as it is beyond the scope of his license as a psychologist. ECF No. 23-4. Murphy states that medications for inmates are prescribed and monitored by a psychiatrist provided by MHM Services, Inc. *Id.* Jonathan Hess, a correctional psychology associate, attests that he does not have a license to prescribe medication. ECF No. 23-5. Hess states that Dr. Siracusano prescribed the Risperdal. *Id.*

In his Cross-Motion for Summary Judgment, Houck reasserts that he filed sick call slips and an ARP concerning the side effects he attributes to Risperdal. ECF No. 25. He claims that he talked to Siracusano, but does not state the date or substance of the conversation. ECF No. 25 at 2. Houck filed a number of attachments with the Motion. For instance, Houck filed a copy of a sick call slip stamped on September 16, 2016, asking to be taken off Risperdal because it was

---

[6] The Court takes notice that MHM Services, Inc., contracts with the DPSCS to provide mental health services to inmates in Maryland correctional facilities. *See Levy v. Wexford Health Sources, Inc.*, Civil Action No. TDC-14-3678 (D. Md.).

causing him breast enlargement and blurred vision. ECF No. 25-1. However, the Court is unable to discern the name of the mental health provider who signed the response which advised Houck to discuss his concerns at his next scheduled appointment. *Id.* Second, Houck filed a sick call slip dated January 11, 2017, asking to be taken off Risperdal due to gynecomastia and blurred vision. ECF No. 25-2. The sick call slip, however lacks a receipt stamp or the signature of a medical or mental health provider to evidence receipt. *Id.* Third, Houck filed one page from his medical record dated March 12, 2015, showing that he was prescribed Risperidone, possesses knowledge of hypertension and its management, and was prescribed medication to manage his high blood pressure. ECF No. 25-3. Fourth, Houck filed a memorandum from J.D. Hess to Houck, dated March 25, 2015, which reads that according to the medical file Houck was prescribed Resperidol[7] 2 mg twice daily. ECF No. 25-4. Finally, Houck filed ARP WCI-0441-16, stamped March 1, 2016, alleging that Houck was experiencing blurred vision and enlarged breasts due to Risperdal and was not receiving daily blood pressure checks. ECF No. 25-5. The ARP was dismissed on February 29, 2016, for failure to resubmit the request in accordance with the ARP coordinator's instructions. *Id.*

Houck does not claim he notified these mental health practitioners of his concerns in regard to Risperdal[8] or his need for blood pressure monitoring. As Houck filed this case on May 2, 2016, ECF No. 1, his September 16, 2016 sick call slip, ECF No. 25-1, which was filed four months later, has no bearing on whether the Mental Health Defendants were aware of the negative side effects allegedly caused by Risperdal or blood pressure concerns during the time at issue. Further, the Mental Health Defendants attest uniformly that they were not authorized to

---

[7] The Court assumes that Risperidol is another name for Risperidone.
[8] Matters concerning blood pressure are medical issues entrusted to medical practitioners at WCI. In *Houck v. Wexford*, Civil Action No. GJH-15-3639 (D. Md. 2016), the Court granted summary judgment in favor of Wexford and Dr. Barrera as to Houck's Eighth Amendment claim regarding lack of daily blood pressure monitoring by medical providers.

9

prescribe, or presumably to discontinue, Risperdal, ECF Nos. 23-2, 23-3, 23-4, and 23-5, and Houck is not able to provide evidence to the contrary.

Assuming that Houck's alleged side effects are serious, Houck fails to satisfy the subjective component of the deliberate indifference standard because he does not show the Mental Health Defendants were aware of his condition, nor did they have the ability to address any concern. Thus, even when Houck's allegations are viewed in the light most favorable to him, he fails to show there is a genuine issue of material fact as to whether the Mental Health Defendants knew of his serious medical need and acted with reckless disregard in violation of Houck's constitutional rights. Accordingly, the Mental Health Providers' Motion for Summary Judgment will be granted. ECF No. 23. Houck's Cross-Motion for Summary Judgment will be denied. ECF No. 25.[9]

### B. Wexford's Motion to Dismiss

Wexford asserts that Houck's claims are barred by the affirmative defense of *res judicata*. ECF No. 29-2. *Res judicata* is a legal doctrine that "bars a party from relitigating a claim that was decided or could have been decided in an original suit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). For res judicata to be established there must be "'(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits . . .'" *See Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 248 (4th Cir. 2005) (quoting *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997)). *Res judicata* precludes a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing *Harnett v. Billman*, 800 F.2d 1308,

---

[9] Notably, Houck asks to "dismiss the Complaint on Defendants Harry B. Murphy, Ph.D., Melanie Gordon, Jonathan Hess and R. Shane Weber, in his Motions for Summary Judgment, ECF No. 33 at 3; ECF No. 37 at 3, filed after Wexford filed its Motion to Dismiss.

1312 (4th Cir. 1986)). In addition, "'[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of Am., Inc. v. E. Auto Distrib., Inc.*, 892 F.2d 355, 359 (4th Cir. 1989)).

Wexford argues that in an earlier filed suit, *Houck v. Wexford*, Civil Action No. GJH-15-3639 (D. Md. 2016), Houck alleged that Wexford and its employee Dr. Barrera violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs. ECF No. 29-2 at 2. Houck alleged, as he does here, that he was prescribed Risperdal to treat his bi-polar disorder and schizophrenia, that the medication caused him gynecomastia and other negative side effects, and that his blood pressure was not checked daily. *Id.* On April 26, 2016, Wexford and Dr. Barrera filed a Motion to Dismiss or, in the Alternative for Summary Judgment supported by Dr. Barrera's affidavit and Houck's verified medical records. In his affidavit, Dr. Barrera attested that he did not prescribe Risperdal for Houck, did not have authority to alter Houck's mental health medication regimen, that Houck never complained to him about Risperdal's side effects, and had he been made aware by Houck of these concerns, Dr. Barrera would have referred Houck to his treating mental health providers. *See Houck*, GJH-15-3639 (ECF No. 31-5 at 2).

Dr. Barrera also stated that Houck is regularly evaluated by prison medical providers as a chronic care inmate, and prescribed multiple medications to manage his blood pressure. *Id.* (ECF No. 31-5 at 2–4). Medical providers check Houck's blood pressure, review his blood pressure medications, and monitor his compliance with medical orders. *Id.* Daily monitoring is not necessary, because Houck is on an appropriate drug regimen for hypertension. These

medications include Atenolol, Norvasc, Lisinopril, and Clonidine HCL. *Id.* Further, Dr. Barrera stated that Houck's hypertension is properly controlled when he complies with his hypertension plan of care. *Id.* Houck filed no affidavits or other exhibits to refute Dr. Barrera's affidavit or the medical records filed by Wexford and Dr. Barrera in support of their dispositive pleading.[10] On November 7, 2016, this Court granted Wexford and Dr. Barrera's Motion for Summary Judgment as to both claims. *See Houck,* GJH-15-3639 (ECF No. 55; *see also* ECF No. 56).

To establish *res judicata,* there must be (1) a final judgment on the merits in the prior suit; (2) an identity of the cause of action; and (3) an identity of the parties or their privies. *See Meekins,* 946 F.2d at 1057. Wexford satisfies all three requirements. Houck raised the same claims here as in in his prior case, *Houck v. Wexford,* Civil Action No. GJH-15-3639, against the same Defendant, Wexford, and that case was considered on the merits, and a final judgment was entered. Consequently, the claims raised against Wexford are barred by *res judicata,* and the Motion to Dismiss will be granted.

### C. Dr. Siracusano's Motion to Dismiss

Finally, Dr. Siracusano moves to dismiss the Houck's Amended Complaint for failure to state a claim upon which relief may be granted, and asserts that he is entitled to qualified immunity.[11] ECF No. 35. He asserts there are no factual allegations to support a claim of wrongdoing or to support an Eighth Amendment claim of deliberate indifference. Siracusano was Houck's mental health physician at all times relevant to the Complaint. ECF No. 35 at 1, 5.

Houck alleges he was prescribed Risperdal "for a long time," and the drug caused him

---

[10] A court may take judicial notice of the facts from prior judicial proceedings where, as here, there is no challenge to the accuracy of the record of those proceedings. *Taylor v. Morgan State University,* Civil Action No. WMN-03-2978, 2004 WL 3217859 n. 1 (D. Md. May 25, 2004) (citing *Briggs v. Newberry County School Dist.,* 838 F. Supp. 232, 234 (D.S.C. 1992)).

[11] Dr. Siracusano's generally stated assertion of qualified immunity is insufficient for the Court to rule on this defense. ECF No. 23-1 at 8–9. Dr. Siracusano may reassert the defense when he files his Motion for Summary Judgment pursuant to the scheduling order to follow this Memorandum Opinion.

various negative side effects including gynecomastia and blurred vision. ECF No. 1; ECF No. 3. Houck documents that he was prescribed Risperidone at WCI, and that he requested to be taken off Risperdal. *Id.*; ECF No. 25-3. The Mental Health Defendants' affidavits indicate that Siracusano prescribed Risperdal for Houck. ECF Nos. 23-1, 23-2, 23-3, 23-4, and 23-5. Houck claims in his Motions for Summary Judgment that he asked Siracusano to discontinue the Risperdal on December 5, 2016, January 11, 2017, and January 30, 2017, due to negative side effects he attributes to using the medication. ECF No. 33 at 2; ECF No. 37 at 2. Houck's Reply, ECF No. 37, repeats his allegations that he notified Dr. Siracusano about Risperdal and the negative side effects Houck experienced.

Houck states a plausible claim for relief, and Dr. Siracusano's Motion to Dismiss, ECF No. 35, will be denied. Viewing Houck's allegations in the light most favorable to him, it is also clear there are genuine issues of material fact in dispute including, but not limited to, whether Houck alerted Dr. Siracusano to the negative side effects, when Siracusano was alerted to Houck's medical concerns, what actions Dr. Siracusano took in response, whether Houck was forcibly administered Risperdal or able to decline the medication, and whether Dr. Siracusano's actions in allegedly continuing the prescription despite Houck's concerns amounted to deliberate indifference. Accordingly, the Court shall deny Houck's Motions for Summary Judgment, ECF No. 33; ECF No. 37, subject to renewal. A scheduling order shall issue.

### IV. CONCLUSION

For the foregoing reasons, the Mental Health Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, treated as a Motion for Summary Judgment, ECF No. 23, is granted. Houck's Cross Motion for Summary Judgment, ECF No. 25, is denied. Wexford Health Sources, Inc.'s Motion to Dismiss, ECF No. 29, is granted. Dr. Vincent

13

Siracusano's Motion to Dismiss, ECF No. 35, is denied and a scheduling order shall issue. Houck's Motions for a Preliminary Hearing, ECF No. 26; ECF No. 43, are denied. Houck's Motions for Summary Judgment, ECF No. 33; ECF No. 37, are denied without prejudice. Houck's Motion to Amend the Complaint, ECF No. 34, to add Janssen Pharmaceuticals as a Defendant is denied. Houck's Motion to Amend the Complaint to add Dr. Siracusano as a Defendant, ECF No. 41, is denied as moot. A separate Order follows.

8/15/2017
Date

GEORGE J. HAZEL
United States District Judge