**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **JAMES E. HOUCK, #421-1323, #1474477** | * | |
| **Plaintiff,** | * | |
| v | * | Civil Case No.: GJH-16-1323 |
| **VINCENT SIRACUSANO, M.D.** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Defendant Vincent Siracusano, M.D.'s Motion for Summary Judgment, ECF No. 57. Plaintiff James Houck filed an opposition to Defendant's Motion, ECF No. 60, self-titled filings captioned "Motion for Default to Move Forward with Summary Judgment in my Favor, or Motion for Punitive Damages or Money Damages," ECF No. 58, "Motion for Claim for Punitive Damage or Money Damage," ECF No. 59, "Motion for Complaint for Relief," ECF No. 64, "Motion to Meet with Defendant's Counsel," ECF No. 71, and various other filings to supplement his Motions, ECF Nos. 61, 62, 63, 65, 66, 67, 68, 72–78.

After considering the pleadings, exhibits, and applicable law, the Court finds a hearing unnecessary to resolve the issues. *See* Loc. R. 105.6 (D. Md. 2016). Siracusano's Motion for Summary Judgment, ECF No. 57, shall be granted and Houck's pending Motions, ECF Nos. 58, 59, 64, 71, 75 will be denied.

**I. BACKGROUND**

The procedural history and facts of this case were summarized in the Memorandum Opinion, ECF No. 50, issued by the Court on August 15, 2017. The Court incorporates that Memorandum Opinion here, and shall repeat the history and facts of this matter only as

1

necessary to resolve the pending issues.

Houck is an inmate incarcerated at Western Correctional Institution ("WCI"). Siracusano, a psychiatrist, prescribed psychotropic medication for Houck to treat his schizoaffective disorder. ECF No. 35 at 5.[1] Houck claims he was prescribed Risperdal "for a long time" for his bipolar disorder and schizophrenia, which caused him to develop gynecomastia or enlargement of male breasts, stomach discomfort, and blurred vision. ECF Nos. 1, 3. Houck documents that he was prescribed Risperidone (brand name Risperdal) at WCI, and that he requested to be taken off the medication. *Id*. ECF No. 25-3; ECF No. 50 n. 2; *see also* ECF No. 33 at 2, ECF No. 2, ECF No. 37.

In the Memorandum Opinion issued with its August 15, 2017 Order, the Court found Houck had stated a plausible claim for relief. In denying Siracusano's Motion to Dismiss, the Court noted there were unresolved questions as to whether Houck had alerted Siracusano to the negative side effects of the medication; when Siracusano was alerted to Houck's medical concerns; what actions Siracusano took in response to the concerns; whether Houck was forcibly administered Risperdal or able to decline the medication; and, whether Siracusano's actions in allegedly continuing the prescription, despite Houck's concerns, amounted to deliberate indifference. ECF No. 50 at 12–13. The Court scheduled a deadline for Siracusano to file a dispositive pleading or to advise as to the anticipated duration of trial, ECF No. 51, and Siracusano filed the Motion for Summary Judgment now under consideration.

II. **STANDARD OF REVIEW**

In reviewing a motion for summary judgment, the Court must draw all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

(1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48 (emphasis in original). A "material fact" is one that might affect the outcome of a party's case. *Id.* at 248; *see JKC Holding Co. v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001) (citing *Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001)).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The Court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in [her] favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

If the parties have filed cross-motions for summary judgment, the Court "must consider each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Bacon v. City of Richmond,* 475 F.3d 633, 637-38 (4th Cir. 2007) (internal quotation marks omitted). "'Both motions must be denied if the court finds that there is

3

a genuine dispute of material fact.[ ] But if there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the court will render judgment.[ ]'" *Hicks v. Stanford,* No. ELH-14-928, 2016 WL 7426139, at *5 (D. Md. Dec. 23, 2016) (quoting 10A C. WRIGHT & A. MILLER, FED. PRACTICE & PROCEDURE, § 2720 (4th ed.)).

A federal court must liberally construe pleadings filed by *pro se* litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990). The Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Siracusano asserts that he is entitled to summary judgment in his favor because Houck cannot establish that Siracusano acted with deliberate indifference to Houck's medical needs. In support of his Motion, Siracusano has submitted his declaration under oath, ECF No. 57-3, and verified copies of Houck's medical records, ECF No. 57-2.

### A. Facts in Evidence

Siracusano declares that Houck never complained to him of enlarged breasts or blurred vision. ECF No. 57-3 ¶7. Siracusano states that had Houck complained to him about enlarged breasts or blurred vision, he would have referred Houck to WCI medical providers for an evaluation and considered switching him to another medication to treat schizoaffective disorder. ECF No. 57-3 ¶ 7. Siracusano explains that in his role as a psychiatrist at WCI, he is not supposed to perform a physical exam on Houck or any other patient he sees at WCI. Rather, he would rely on the WCI medical team to perform a physical examination regarding a complaint of

4

enlarged breasts had he received such a complaint. ECF No. 57-3 ¶¶ 10–11. Siracusano posits that Houck's obesity is a plausible explanation for the purported breast enlargement. ECF No. 57-3 ¶ 12; *see also* ECF No. 57-2 at 9, 18, 79 (medical records noting Houck's weight). Siracusano states that Houck was never forcibly administered Risperdal and was able to stop taking it even if it was prescribed for him ECF No. 57-3 ¶¶ 13, 14.

Houck's medical records indicate that while Houck complained of breast enlargement to certain WCI staff, he did not complain of breast enlargement to Siracusano until shortly before he was taken off of Risperdal. On March 4, 2015, Stephen Schellhase, M.D., prescribed Risperdal, an anti-psychotic medication, to treat Houck for schizoaffective disorder after Houck informed him that he did not like Haldol, another anti-psychotic medication, but had done well on Risperdal. Schellhase prescribed two mg of Risperdal twice a day. ECF No. 57-2 at 23, 25. On May 20, 2015, after Houck reported good results with Risperdal and his other medications, Schellhase renewed the medications. ECF No. 57-2 at 57, 59. On July 8, 2015, Houck met with Dr. Alan Rohrer, M.D. for medication management. Houck denied any side effects from his medication (which included the Risperdal). ECF No. 57-2 at 74. On September 23, 2015, when Houck met with Rohrer for another medication management consultation he reported sometimes feeling a little dizzy. Rohrer stated that he would check Houck's Risperdal levels. ECF No. 57-2 at 88, 91.

Houck complained to WCI staff a number of times regarding symptoms from the Risperdal; notably, however, he never complained to Siracusano. On February 29, 2016, for the first time, Houck complained to Dr. Robustiano Barrera of right pectoral tenderness which was described as pleuritic.[2] Houck did not complain of enlarged breasts. ECF No. 57-2 at 142. On a

---

[2] Pleurisy is an inflammation of the lining of the lungs and chest (the pleura) that leads to chest pain upon taking a breath or coughing. *See* https://medlineplus.gov/ency/article/001371.htm.

5

number of subsequent occasions, Houck mentioned to various nurses that he was concerned about breast enlargement from the Risperdal, and that he wanted to stop taking it. ECF No. 57-2 at 159 (April 7, 2016), 187 (Aug. 30, 2016), 195 (Oct. 13, 2016), 197 (Oct. 24, 2016). However, at no point did Houck complain to Siracusano. On a number of occasions between December 8, 2015 and December 10, 2016, Houck saw Siracusano for a medication review and did not mention any adverse side effects from the Risperdal. ECF No. 57-2 at 128 (Dec. 8, 2015), 131–35 (Dec. 14, 2015), 151–55 (March 8, 2016), 160–67 (May 6, 2016), 175 (July 12, 2016), 187 (Sept. 6, 2016), 201–205 (Dec. 10, 2016).

On January 16, 2017, Houck asked to be taken off Risperdal because it was causing gynecomastia. He complained of enlarged breasts and blurred vision. ECF No. 57-2 at 201. On January 18, 2017, Houck stopped receiving Risperdal. ECF No. 57-2 at 214. On January 30, 2017, Houck saw Siracusano for medication management. Siracusano did not renew Houck's Risperdal prescription. ECF No. 57-2 at 213, 214. On April 24, 2017, when Siracusano saw Houck, he continued him on Celexa and instructed him to return in 12 weeks. Houck has not received Risperdal since January 18, 2017. ECF No. 57-2 at 12, 13.

### B. Houck's Eighth Amendment Claim

Houck brings his claims pursuant to 42 U.S.C. §1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). To establish an Eighth Amendment claim a plaintiff must prove: "(1) that the deprivation of a basic human need was objectively sufficiently serious; and (2) that subjectively the officials acted with a sufficiently culpable state of mind." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013) (emphasis in original).

In assessing a prisoner's § 1983 claims against prison officials, a court must "consider prison officials' culpable mental state because 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment'" *King v. U.S.*, 536 Fed. App'x 358, 360 (4th Cir. 2013) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The objective element is satisfied by a prisoner's serious medical condition, and the subjective element is satisfied by showing deliberate indifference. *Id*. Not every allegation of inadequate medical treatment states a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Neither an "inadvertent failure to provide adequate medical care" nor "negligen[ce] in diagnosing or treating a medical condition" amounts to deliberate indifference. *Id*. at 105–06. To constitute an Eighth Amendment violation, the treatment provided by prison officials must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F .2d 848, 851 (4th Cir. 1990) (citation omitted). A defendant must know of and disregard an excessive risk to inmate health or safety. "[T]he [Defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

Siracusano is entitled to judgment in his favor regarding Houck's claims. Regarding Houck's blood pressure and vision, Siracusano was not responsible for Houck's physical health; Siracusano, as a psychiatrist, prescribed medication for mental health conditions, and relied on other medical providers to perform physical examinations and other medical care. Houck provides no evidence to dispute this information.

As to Siracusano's prescription of Risperdal, there is no genuine dispute of material fact that Siracusano's actions do not constitute an Eighth Amendment violation. When Siracusano

first met with Houck for medication management on December 8, 2015, Houck had a demonstrated history of success with Risperdal for treating his mental illness. Houck does not provide documentation to refute Siracusano's declaration that Houck did not complain to him about breast enlargement. Houck counters, however, that he was never warned about gynecomastia as a possible side-effect of Risperdal. ECF No. 58 at 1, ECF No. 60 at 1–2, ECF No. 61 at 1–2, ECF No. 62 at 2. He argues that Siracusano was negligent for not explaining the possible side effects of Risperdal to him. ECF No. 68 at 2.

Even when the undisputed facts are judged in the light most favorable to Houck, the Court finds that Siracusano's treatment does not amount to deliberate indifference to Houck's serious medical needs. Siracusano prescribed several psychotropic medications (Depakote, Celexa, Risperdal) to treat Houck's mental illness and monitored his progress regularly. Houck did not express his concerns of breast enlargement or other negative side effects to Siracusano directly. Siracusano attests that had he known of Houck's concerns, he would have consulted with Houck's other medical providers and adjusted his medication if indicated. Indeed, the record shows that Siracusano discontinued another psychotropic drug, Depakote, during Houck's course of treatment. Of importance, since Siracusano was unaware of Houck's concerns, Houck fails to show that Siracusano prescribed Risperdal, or maintained him on the medication, with the requisite culpable state of mind of deliberate indifference. As Houck provides no evidence suggesting a genuine issue of material fact regarding whether Siracusano acted with a sufficiently culpable state of mind to meet the deliberate indifference standard, Siracusano is entitled to summary judgment in his favor as a matter of law.

Even assuming Siracusano did not advise Houck of possible side effects, such a lapse does not support a finding of deliberate indifference, but at most may support a claim of

8

negligence. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). To the extent Houck may state a cause of action for negligence based on state law, the Court declines to exercise supplemental jurisdiction over a negligence claim.[3]

## IV. CONCLUSION

For these reasons, Siracusano's Motion for Summary Judgment, ECF No. 57, will be granted. Houck's "Motion for Default to Move Forward with Summary Judgment in my Favor, or Motion for Punitive Damages or Money Damages," ECF No. 58, "Motion for Claim for Punitive Damage or Money Damage," ECF No. 59, "Motion for Complaint for Relief," ECF No. 64, "Motion to Meet with Defendant's Counsel," ECF No. 71, and "Motion for Leave to File Amended Complaint," ECF No. 75, will be denied. A separate Order follows.

Date: August  30 , 2018              /s/
                                     GEORGE J. HAZEL
                                     United States District Judge

---

[3] On August 6, 2018, Houck moved for leave to amend his Complaint and add Schellhase as a named defendant. ECF No. 75. Pursuant to Federal Rule of Civil Procedure 15(a)(2), plaintiffs may amend their complaint with the court's leave, and "[t]he court should freely give leave when justice so requires." "[T]he general rule is that leave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, unless the amendment . . . would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (citations omitted). Here, the record makes clear that Schellhase's involvement was commensurate with Siracusano's, and any constitutional claims against Schellhase would fail for the same reasons. As such, the amendment is futile and Houck's motion will be denied.